MICHAEL E. LANGTON, Esq.
Nevada Bar No.: 290
801 Riverside Drive
Reno, NV 89503
(775) 329-7557

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WASTE MANAGEMENT OF NEVADA<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION 533<br><br>Defendant. | CASE NO.: 3:18-cv-00539<br>LRH-WGC |

### ANSWER

**COMES NOW** Defendant International Brotherhood of Teamsters, Local Union 533, by and through its undersigned attorney, and hereby files its Answer to the Complaint filed November 9, 2018.

### INTRODUCTION

1. In response to paragraph 1 of the Complaint, Defendant denies the allegations set forth therein with the exception that the collective bargaining agreement referred to therein speaks for itself.

G-lexar T-533\WASTE MANAGEMENT\ANSWER
11.15.2018

Page 1 of 8

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557 Fax (775) 329-7447

## PARTIES, JURISDICTION AND VENUE

2. In response to paragraphs 2 and 3 of the Complaint, Defendant admits the allegations contained therein.

3. In response to paragraph 4 of the Complaint, Defendant denies the allegations contained therein.

## FACTUAL BACKGROUND

4. In response to paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

5. In response to paragraphs 6, 7, 8, and 9 of the Complaint, Defendant submits the document speaks for itself. As to any interpretation of said document stated within said paragraphs Defendant denies the allegations contained therein.

*Waste Management Memorializes Its Meal and Break Guideline*

6. In response to paragraph 10 of the Complaint, Defendant asserts the document speaks for itself.

7. In response to paragraph 11 of the Complaint, based upon information and belief Defendant admits that on July 20, 2018, Plaintiff unilaterally issued "Meal and Break Guidelines for NCN Collection Truck Drivers."

8. In response to paragraph 12 of the Complaint, Defendant denies that the "Meal and Break Guidelines" are requirements that the truck drivers must follow when taking lunch breaks. As to the remaining allegations of said paragraph, Defendant admits the allegations related to the OBU device.

9. In response to paragraph 13 of the Complaint, Defendant admits that during a meeting on August 20, 2018, between representatives of Plaintiff and Defendant a discussion was held concerning unpaid lunch breaks for Collection Truck Drivers and that representatives of Plaintiff Waste Management were not willing to modify the existing collective bargaining agreement. Except as specifically admitted herein, Defendant denies the allegations contained within paragraph 13 of the Complaint.

10. In response to paragraph 14 and 15 of the Complaint, Defendant admits the allegations contained therein.

11. In response to paragraph 16 of the Complaint, Defendant submits the document speaks for itself. To the extend necessary, Defendant denies any interpretative statements contained therein concerning Article 18, Section 5, of the collective bargaining agreement.

12. In response to paragraph 17 of the Complaint, Defendant admits that Plaintiff notified some employees and the Union that "failure to comply with the [new] Meal and Break Guidelines would result in discipline, to and including discharge." Expect as specifically admitted herein, Defendant denies the remaining allegations of paragraph 17 of the Complaint.

13. In response to paragraphs 18, 19, 20, 21, and 22 of the Complaint, Defendant denies the allegations contained therein.

14. In response to paragraphs 23, 24, 25, 26, and 27, of the Complaint, Defendant denies the allegations contained therein.

15. In response to paragraph 28 of the Complaint, based upon information and belief Defendant admits the allegations contained therein.

16. In response to paragraph 29 of the Complaint, Defendant admits that Mr. Watson sent an e-mail to the Reno Mayor and City Council members on or about October 31, 2018. As to the remaining allegations, Defendant submits the document speaks for itself.

17. In response to paragraph 30 of the Complaint, Defendant admits Mr. Watson sent an e-mail on October 31, 2018, to the Reno Mayor and City Council members. Except as specifically admitted herein, Defendant denies the remaining allegations of said paragraph.

18. In response to paragraphs 31, 32, and 33, of the Complaint, Defendant submits the document speaks for itself. Except as specifically admitted herein, Defendant denies the remaining allegations of said paragraph.

19. In response to paragraph 34 of the Complaint, Defendant denies the allegations set forth therein.

20. In response to paragraphs 35 and 36 of the Complaint, Defendant is without information sufficient to form an opinion as to the truth of the matters asserted therein and, on that basis, denies the allegations contained therein.

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557  Fax (775) 329-7447

21. In response to paragraph 37 of the Complaint, Defendant admits that Mr. Keast sent a letter on or about November 2, 2018, to Mr. Watson. Except as specifically admitted herein, Defendant submits the documents speak for itself and denies any interpretative statements concerning said document.

22. In response to paragraphs 38, 39, 40, 41, and 42 of the Complaint, Defendant submits the documents referenced therein speak for themselves. Except as specifically admitted herein, Defendant denies the allegations contained therein.

23. In response to paragraphs 43 and 44 of the Complaint, Defendant admits the allegations contained therein.

24. In response to paragraphs 45, 46, 47, 48 and 49 of the Complaint, Defendant denies the allegations contained therein.

25. In response to paragraph 50 of the Complaint, Defendant admits the allegations contained therein.

26. In response to paragraph 51 of the Complaint, Defendant asserts that it is without information sufficient to form a truth of the matter asserted therein and, on that basis denies the allegations contained therein.

27. In response to paragraphs 52, 53, 54, and 55 of the Complaint, Defendant asserts the documents referenced therein speak for themselves. Except as specifically admitted herein, Defendant denies the allegations contained therein.

Michael E. Langton, Esq.
801 Riverside Drive
Reno, Nevada 89503
Voice: (775) 329-7557  Fax (775) 329-7447

28. In response to paragraph 56 of the Complaint, Defendant admits the allegations contained therein.

29. In response to paragraphs 57, 58, 59, 60, 61, and 62 of the Complaint, Defendant submits the documents speak for themselves. Except as admitted herein, Defendant denies any interpretative explanation by Plaintiff contained within said paragraphs and, accordingly, denies said allegations.

30. In response to paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

31. In response to paragraphs 64, 65, 66, 67, 68, and 69, of the Complaint, Defendant is without information sufficient to form an opinion as to the belief of the matters asserted therein and, on that basis, denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Injunctive Relief And Damages)

32. In response to paragraph 70 of the Complaint, Defendant reasserts its responses given to paragraphs 1 through 69 as if set forth herein in full.

33. In response to paragraphs 71 and 72 of the Complaint, Defendant admits the allegations contained there.

34. In response to paragraph 73 of the Complaint, Defendant submits the document speaks for itself.

35. In response to paragraph 74, 75, 76, 77, 78, and 79, Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

1.  Defendant has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATION DEFENSE

2.  The court lacks jurisdiction as the issue is properly in the jurisdiction of the National Labor Relations Board.

### THIRD AFFIRMATIVE DEFENSE

3.  Plaintiff's Complaint is barred by the doctrine of clean hands.

**WHEREFORE,** Defendant Teamsters Local 533 prays for the following relief:

1.  That the Court dismiss the Complaint in its full with prejudice; and

2.  An award for attorney's fees and costs incurred in defense of this action; and

3.  For such other and further relief as the Court deems just in the premises.

**DATED** this 19 day of November, 2018.

*/s/ Michael E. Langton*
Michael E. Langton, Esq.
Nevada Bar # 290
801 Riverside Drive
Reno, NV 89503
(775) 329-7557

Attorney for Defendant
Teamsters Local 533

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of Michael E. Langton, Esq., and that on the 19th day of November, 2018, I served a true accurate copy of the foregoing **ANSWER** as follows:

__X__ Deposited for mailing, first class postage prepaid;

____ Deposited for mailing, certified/registered;

____ Personal delivery to office;

____ Fax Sent Prior to Mailing;

____ Via E-mail

David B. Dornak, Esq.
Mark J. Ricciardi, Esq.
Fisher & Phillips LLP
300 S. Fourth Street, Suite 1500
Las Vegas NV 89101

*Merri Kirk*
Merri Kirk, Legal Assistant

G-lexar T-533\WASTE MANAGEMENT\ANSWER
11.15.2018